**William P. GRAY, as Executor of the Will of William G. Robertson, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV73–1626–GJS.**

United States District Court, C. D. California.

July 8, 1974.

---

Kadison, Pfaelzer, Woodard, Quinn & Rossi, Keith H. Gill, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Charles H. Magnuson, Elliott H. Kajan, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

## OPINION

SOLOMON, District Judge.

This case is before the court on the Government's motion for summary judgment. The Government contends that there is no genuine issue of fact on whether Jane P. Robertson (Robertson) had a valid claim against the estate of William G. Robertson (decedent).

The motion is based on the stipulation of facts filed by the parties.

Plaintiff, William P. Gray, as executor of the will of William G. Robertson, deceased, brought this action for the refund of $20,165.00 federal estate taxes and assessed interest.

On August 15, 1966, after 22 years of marriage and four children, the decedent and Robertson separated. On August 24, 1966, they entered a property settlement agreement which included the following relevant portions:

### I

### RECITALS

.   .   .   .   .   .

1.04   The parties desire to make a full and final settlement and adjustment of their rights with reference to each other as to alimony and with respect to the property of the other, and to liquidate and settle the rights and claims of each in and to their property, whether joint tenancy, community or separate; and, without limiting the particularity of the foregoing, it is the intention of the parties to make this agreement integrated in that there exists reciprocal consideration for the agreements with regard to the division of property under Article IV and the provisions for support of Wife under Article V. It is the further intent of the parties that this agreement shall not be modifiable other than by an instrument in writing executed by both parties, and that the court having jurisdiction of any divorce action between the parties shall not have the power to modify this agreement other than as it pertains to the custody and support of the children of this marriage as provided in Article VI.

.   .   .   .   .   .

### IV

### DIVISION OF PROPERTY AND DISPOSITION OF DEBTS

.   .   .   .   .   .

4.03   Husband shall pay Wife the sum of $15,000 within thirty days following the execution of this agreement. Husband shall pay Wife an additional $40,000 on or before June 1, 1968.

.   .   .   .   .   .

## V

### SUPPORT OF WIFE

5.01 Husband agrees to pay to Wife for her support and maintenance $600 per month commencing on the first day of the first month following the execution of this agreement and continuing until the death or remarriage of Wife or the death of Husband.

. . . . . .

## VIII

### GENERAL PROVISIONS

. . . . . .

8.02 Husband agrees that after the date hereof and during Wife's life he shall maintain a life insurance policy or policies in full force and effect insuring his life having an aggregate face value of not less than $50,000 and designating Wife as the beneficiary.

. . . . . .

On February 1, 1967, an interlocutory decree of divorce was entered. Although no specific mention is made of the insurance policy in the interlocutory decree, Part V of the decree stated:

The Property Settlement Agreement between the parties hereto, dated August 24, 1966, received in evidence herein as plaintiff's exhibit No. 1, is hereby approved, and the parties are ordered to carry out the executory provisions thereof.

On November 20, 1967, the same date the final divorce decree was entered, decedent was killed in an airplane crash.

Robertson filed a claim against decedent's estate for the $40,000 still owing under the property settlement agreement. The insurer paid Robertson $50,918.36 as the proceeds of the policy. Robertson made no claim against the estate for this amount of insurance.

On February 21, 1969, the executor filed Form 706, Estate Tax Return, for decedent's estate and paid $131,762.00 estate taxes. The executor included the life insurance proceeds ($50,918.36) as part of the gross estate but deducted it in determining the taxable estate. The return was audited and the claimed deduction of $50,918.36 was disallowed. As a result of this adjustment and others, the estate paid additional estate taxes of $26,761.00 plus an assessed interest and penalty of $3,917.41.

On February 8, 1972, the estate filed a timely claim with the Director of Internal Revenue for the amount of $20,165.00. This amount is attributable to the estate taxes on the insurance policy. The Director of Internal Revenue disallowed the claim and the executor filed this action for a refund.

The relevant statutes and regulations state:

26 U.S.C. § 2053. *Expenses, indebtedness, and taxes* (Revenue Code of 1954)

(a) *General rule.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

(1) for funeral expenses,

(2) for administration expenses,

(3) for claims against the estate, and

(4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

Treasury Regulations on Estate Tax (1954 Code) 26 C.F.R.:

Section 20.2053–4: *Deduction for claims against the estate; in general.*

The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death, whether or not then matured, and interest thereon

which has accrued at the time of death. Only interest accrued at the date of the decedent's death is allowable even though the executor elects the alternate valuation method under section 2032. Only claims enforceable against the decedent's estate may be deducted. . . . Section 2053(c) (1)(A) provides that the allowance of a deduction for a claim founded upon a promise or agreement is limited to the extent that the liability was contracted bona fide and for an adequate and full consideration in money or money's worth. . . .

The Government also quotes from Rev.Rul. 71–482, 1971–72 Cum.Bull. 334, in which the Commissioner states:

. . . [T]he decedent was not obligated to provide his former wife with funds in the amount of the face value of the insurance. His only obligation was to keep the policies in full force and effect with all premiums paid for as long as she should live and remain unmarried. The decedent in fact discharged this obligation, with the result that no obligation survived his death.

Accordingly, under the circumstances of this case, it is held that no deduction is allowable under section 2053(a)(3) of the Code for the amount of proceeds of insurance on the life of decedent paid to his divorced wife.

The executor contends that he is allowed a deduction for claims of indebtedness under 26 U.S.C. § 2053(a)(3).

The executor contends that when the $50,000 insurance proceeds were included in decedent's taxable estate as an interest owned by the decedent, decedent's liability in maintaining the policy for the benefit of Robertson as required by the property settlement agreement was not taken into account.

He asserts that because Robertson would have had a valid claim against decedent during his life or against his estate had decedent failed to maintain the life insurance policy as required under the "court mandated property settlement

agreement", the estate should be allowed the deduction under § 2053.

The executor relies on Estate of Chester H. Bowers, 23 T.C. 911, 920 (1954), a case involving a California decedent, in which the Tax Court said:

Decedent was obligated at his death under the 1932 property settlement agreement to have in force life insurance in the face amount of $50,000 payable to his former wife. If decedent had not fulfilled this obligation, his estate certainly could have been required to make up the difference to the extent of $50,000.

In the *Bowers* case the court found the obligation to be an "indebtedness" which was discharged by the insurance proceeds. The insurance proceeds should therefore be included as part of the gross estate with a deduction available unless otherwise limited by the law. The court then found that because the Bowers' divorce decree had not incorporated the property settlement agreement within it, no deduction was available.

Unlike *Bowers,* here the divorce court incorporated the property settlement agreement in the divorce decree. The California Civil Code § 139 in effect at the time of the property settlement agreement and at the date of decedent's death states, "any interlocutory or final decree of divorce . . . may be enforced by the court by execution . . . ." The executor contends that under this California law, had Mrs. Robertson found it necessary to make a claim against the estate for the amount of the insurance, the claim would have been honored. Therefore, under 26 U. S.C. § 2053, the executor asserts that the estate should be allowed a deduction.

The executor relies on Commissioner of Internal Revenue v. Estate of Watson, 216 F.2d 941 (2d Cir. 1954), to end the distinction between claims founded upon a divorce decree and claims founded upon a property settlement agreement.

I find that the decedent was obligated under the divorce decree to pay the insurance premiums on the policy and that

his executor would have been obligated to pay his divorced wife the proceeds of the policy if the insurance company had paid the money to the executor.

I further find that the property settlement agreement and particularly the provision for the maintenance of the insurance policy by the decedent during his lifetime and the payment of the proceeds upon his death to his former wife was supported by adequate consideration.

The Commissioner acknowledges that if the decedent had failed to pay the insurance premiums, his former wife would have had a cause of action against him for breach of contract, and upon his death she would have had a valid claim against his estate. Nevertheless, the Commissioner asserts that she did not have a claim within the meaning of the law and the Treasury Regulations on Estate Taxes (26 U.S.C. § 2053 and 26 C.F.R. § 20.2053-4). I disagree.

In my view, Revenue Ruling 71-482 is an unrealistic, strained, and harsh construction of the law and the regulations. The Commissioner insists that the proceeds of a life insurance policy payable to a former wife under a contract which was confirmed by a decree is part of the gross estate of the decedent, and yet the Commissioner refuses to acknowledge that the payment of such proceeds to the former wife is a deductible claim. In my view this is an indefensible position.

The Government's motion for summary judgment in its favor is denied. On the undisputed and stipulated facts, plaintiff is entitled to a judgment against the Government for $20,165.00 plus interest.

This opinion shall serve as findings of fact and conclusions of law under Fed. R.Civ.P. 52(a) and under Rule 3(g)1 of the Local Rules of the Central District of California.

If counsel for either party desires to submit objections or additional findings, they may do it within two weeks.

Plaintiff shall submit an appropriate judgment.